IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DAVID A. GABALDON,

    Plaintiff,

v.                                                    CIV 17-0473 LH/KBM

NEW MEXICO COALITION TO END
HOMELESSNESS; "THE HOPE CENTER";
"ST. MARTIN'S HOSPITALITY CENTER";
GSL PROPERTIES, INC.; LAS BRISAS;
HUD DEPT. HOUSING AND URBAN
DEVELOPMENT,

    Defendants.


## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by United States Department of Housing and Urban Development (HUD or United States) on May 4, 2017. *Doc. 13*. The Honorable C. LeRoy Hansen referred this matter to me today, May 30, 2017, for a recommended disposition. *Doc. 24*. For the reasons that follow, the Court recommends that Judge Hansen grant the motion to dismiss because the pro se Plaintiff has failed to exhaust his administrative remedies for his claim against the United States as required by the Federal Torts Claim Act (FTCA), 28 U.S.C. § 2671-2680. The Court further recommends that if Judge Hansen agrees with this recommendation and dismisses the only claim that supported removal pursuant to 28 U.S.C. § 1442(a)(1), he remand the remaining claims in this action back to state court for its consideration.

The Court first notes that Plaintiff has failed to respond to the United States' Motion to Dismiss. *See Doc. 19* ("Notice of Completion of Briefing"). [1] Pursuant to our District's Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Although this failure to timely respond can alone support granting of the motion and dismissal of claims against the United States without prejudice, the Court nonetheless considers the merits of the motion given that Plaintiff is proceeding pro se.

Plaintiff originally filed this lawsuit on February 21, 2017, in Second Judicial District Court in Bernalillo County. As was its right, the United States removed this action to federal court because Plaintiff had named one of its agencies as a defendant:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442. Thus, all claims brought in the action, even those brought against the other defendants that are not federal agencies, were removed to this federal court. "Notably, § 1442 allows removal of the entire case, not just the claims against the federal officer or agency." *Dixie Brewing Co. v. Dep't of Veterans Affairs,* 2013 WL

---

[1] Defendant GSL (which apparently operates the Las Brisas Apartments) has also moved to dismiss Plaintiff's complaint, or, in the alternative, seeks a more definite statement of the claims brought against it. *Doc. 4, 21*. The remaining defendants have also filed "Notices of Completion of Briefing" on their similar motions filed in state court prior to removal. *Docs. 20, 22, 23.*

2

6715921, at *5 (E.D. La. Dec. 18, 2013) (citing *IMFC Prof'l Servs. of Fl., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir.1982)).

As an initial matter, this Court takes note of Plaintiff's *pro se* status. "[A] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citations omitted). In *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Even so, the court "will not supply additional factual allegations to round out a plaintiff's complaint or to construct a legal theory on a plaintiff's behalf." *Id.*

Although the Complaint is far from a model of clarity, it appears that Plaintiff Gabaldon "is attempting to assert claims in relation to his residency in an apartment and interactions with various entities including Defendants identified in the caption." *Doc. 4* (Defendant GSL Properties' Motion). As noted by the Government, "[t]hroughout his Complaint, Plaintiff cites Title 24 of the Code of Federal Regulations, Housing and Urban Development, alleging broad violations of those regulations by all of the Defendants." *Doc. 13* at 1. For the source of all his claims, Plaintiff specifically states, "Complaint: Tort". *Doc. 1-1* at 1 (Complaint).

The United States has granted certain waivers of its sovereign immunity from suit for damages, and those limited waivers are set forth in the FTCA. As to tort claims brought against the United States and its agencies, the FTCA requires the exhaustion of

3

administrative remedies. In other words, an aggrieved person must present a claim for damages against the United States to the appropriate federal agency before filing a lawsuit in federal court; moreover, this exhaustion requirement is jurisdictional and cannot be waived. *Bradley v. United States ex rel. Veterans Admin.,* 951 F.2d 268, 270 (10th Cir. 1991). Here, Plaintiff fails to allege that he has met this requirement, and the Government has submitted the unrebutted Declaration of HUD's Regional Counsel that Plaintiff Gabaldon "has not filed a claim for injury or damages with the U.S. Department of Housing and Urban Development." *Doc. 13-1*. Thus, this FTCA claim must be dismissed without prejudice for failure to exhaust.

Furthermore, "[w]here a suit against a federal agency is properly removed but the agency is then dismissed, '§ 1442(a)(1) through its creation of an ancillary jurisdiction, confers discretion on the district court to decline to exercise continued jurisdiction.'" *Dixie Brewing Co.,* 2013 WL 6715921, at *13-14 (quoting *IMFC Prof'l Servs. of Fl., Inc.,* 676 F.2d at 156).

> If the federal defendants are dismissed, the district court has a residual ancillary jurisdiction over the state law claims against the nonfederal defendant. The district court may, in its discretion, decline to exercise this jurisdiction. If so, it must remand the case to state court as "removed improvidently and without jurisdiction" under 28 U.S.C. § 1447(c). *IFMC Professional Services*, 676 F.2d at 160. The reason is simple; if the federal court acting in removal jurisdiction determines that federal jurisdiction does not exist, it remands rather than dismisses because removal was "improvident." The scope of the district court's discretion, therefore, was between adjudicating the state law claims or remanding them; it had no discretion to dismiss them.

*Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir. 1986). Given that this action was only recently filed and that only state claims are raised against the remaining non-

governmental defendants, the Court recommends to Judge Hansen that he remand those claims back to Second Judicial District Court.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by United States Department of Housing and Urban Development (*Doc. 13)* be **granted**.

**IT IS FURTHER RECOMMENDED** that this action be **remanded** to Second Judicial District Court for the State of New Mexico in Bernalillo County.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE